DOUGLAS SHACKELFORD AND WILLIAM WAYNE VADEN
*v.* STATE OF INDIANA.

[No. 577S342. Filed January 20, 1978.
Rehearing denied March 29, 1978.]

Michael Riley, Esquire, of Indianapolis, Hugh G. Baker, Jr., Esquire, of Indianapolis, for appellants.

Theodore L. Sendak, Attorney General, J. Roland Duvall, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellants were convicted of assault and battery with intent to commit a robbery and inflicting injury during a robbery. Sentences of life imprisonment were imposed on each appellant, pursuant to IC 1971, 35-13-4-6. The sole contention on appeal is that the verdict is contrary to law because it is not supported by sufficient evidence.

On January 28, 1975, at about 8:00 p.m., Alex Birtsas, an employee of the Wash-Tub Coin-Op Laundry on West 34th Street in Indianapolis, Indiana, had locked the doors of the laundry and was preparing to close for the evening. Appellants came to the back door and asked to be allowed to enter in order to pick up some laundry. Birtsas unlocked the door and let them in. He gave them their clothes, which they put in a dryer. The evidence from this point forward is conflicting.

Birtsas testified that Vaden said the coin machine had shortchanged him a quarter. Birtsas immediately gave him a quarter in accordance with the store policy. When the dryer stopped, appellants took the clothes and asked to be let out the back door. Birtsas took his keys and walked to the door. Shackelford grabbed the keys from Birtsas and Vaden pulled a gun from his pocket and stuck it in Birtsas' back, telling him, "let's go open the money changer." Birtsas re-

plied he did not have the key. Appellants then led him to the store office where the same question and answer were repeated. At that point Vaden hit Birtsas twice on the head with the weapon and shot him twice. Appellants fled out the back door.

Appellant Vaden testified however that Birtsas became hostile and angry when Vaden asked for a reimbursement of his quarter. Mutual shouting led to shoving and when Birtsas charged at him, Vaden pulled his gun and shot him, not to kill him, but merely to stop Birtsas' charge. Shackelford did not testify.

The evidence is undisputed that later that same night appellants were discovered by Indianapolis police officers in a nearby apartment along with the pistol used in the incident and the keys from Birtsas.

Appellants argue that Vaden's testimony is far more credible than the unlikely, incredulous story of Birtsas. They argue that in view of the fact that Birtsas knew and recognized appellants, it is unbelievable that they would attempt to rob and shoot him and then leave without taking anything of value. Accordingly, they contend there is insufficient evidence and the verdict is therefore contrary to law.

On appeal this Court will not weigh conflicting evidence, but view it in the light most favorable to the State. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776. A jury verdict will not be disturbed if there is sufficient evidence of probative value from which a jury could have found a defendant guilty beyond a reasonable doubt. *Brown v. State*, (1977) 266 Ind. 82, 360 N.E.2d 830. In the case at bar the jury could reasonably have believed Birtsas' version of the events rather than Vaden's version. When coupled with the testimony of the police officer who located appellants, it is clear that there is sufficient evidence of probative value from which the jury could have inferred the appellants were guilty beyond a reasonable doubt. This

Court will not invade the province of the jury and weigh the evidence or judge the credibility of the witnesses. *Franks* v. *State*, (1975) 262 Ind. 649, 323 N.E.2d 221.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 371 N.E.2d 702.